# RASMUSSEN v. SEVIER VALLEY CANAL COMPANY.

No. 2272.   Decided February 2, 1912 (121 Pac. 741).

1. PLEADING—SUFFICIENCY ON DEMURRER.  The test of the sufficiency of a complaint on demurrer is not whether it is so deficient as not to sustain a judgment for plaintiff upon proof of its allegations.   (Page 376.)

2. PLEADING—CONCLUSIONS OF LAW.  Allegations of the complaint, in an action for damages for wrongfully transferring corporate stock on the company's books, that the transfer was "wrongful and without lawful authority," were insufficient on demurrer as mere conclusions.[1]   (Page 376.)

3. CORPORATIONS—STOCK—TRANSFER—ENTRY ON BOOKS—NECESSITY.  Corporate by-laws providing that no transfer of stock shall be valid except between the parties, until entered on the corporate books, are for the benefit of the corporation, and, between the owner and his transferror, will not invalidate a transfer by oral order or otherwise of the owner's right to stock without entering it on the corporate books; no stock having been actually issued to the stockholders.   (Page 377.)

4. CORPORATIONS—STOCK—TRANSFER—ENTRY ON BOOKS—NECESSITY.  A stockholder may transfer his equitable title to shares by delivery of the certificate without complying with the by-laws for transferring shares, though the certificate provides that the shares are transferable only on the surrender of the certificate.   (Page 378.)

5. SALES—EFFECT OF DEATH OF PARTIES.  If a transfer of personal property is complete as between the parties before the death of the transferror, his death will not affect the rights of the transferee, though third persons interested may not be bound without a record of the transfer.   (Page 379.)

6. CORPORATIONS—STOCK—WRONGFUL TRANSFER—REMEDY OF STOCKHOLDER.  A corporation which, without authority or willfully transfers stock on its books, is liable in an action for its conversion by the stockholder, and, if the stock has not passed to an innocent purchaser for value, the stockholder may either

[1] Chesney v. Chesney, 33 Utah, 503, 94 Pac. 989; Herndon v. Salt Lake City, 34 Utah, 65, 95 Pac. 646, 131 Am. St. Rep. 827.

recover the value of the stock or be reinstated as a stockholder in an action against both the corporation and the transferee. (Page 379.)

7. CORPORATIONS—STOCK—WRONGFUL TRANSFER—ACTIONS FOR DAMAGES—PARTIES. Where a corporation, sued for damages for wrongfully transferring stock, alleged that a third person was the real owner, by the authorized substitution of his name as stockholder, as well as by limitations and estoppel, such third person should have been made a party defendant before further action was taken in the suit so as to protect the rights of all parties in one action. (Page 380.)

8. TRIAL—FINDINGS—CONCLUSIONS. A finding that an action by an administrator was not barred by the statute of limitations was in the nature of a conclusion; the proper finding being to find when the cause of action accrued, when the action was commenced, and if the owner of the cause of action died before its commencement, when the legal representative was appointed. (Page 381.)

9. EXECUTORS AND ADMINISTRATORS—ACTIONS—LIMITATIONS. Under Comp. Laws 1907, section 2890, providing that if one entitled to sue died before the expiration of the time limited for the commencement of the action, an action may be commenced by his representatives after the expiration of that time and within a year from his death, a right of action existing in decedent at his death must be brought within a year from his death by his administrator. (Page 381.)

10. WITNESSES—COMPETENCY—"PERSON INTERESTED." Where a corporation was sued by an administrator for damages for wrongfully transferring stock belonging to intestate, the secretary was not disqualified from testifying as to the transfer as a "person interested in the event," within Comp. Laws 1907, section 3413, providing that any person directly interested in the event of an action shall not be a witness when the adverse party sues or defends as administrator as to any transaction equally within the knowledge of his witness and decedent. (Page 382.)

11. WITNESSES—CROSS-EXAMINATION. A witness, in an action for damages for the wrongful transfer of corporate stock, who was shown on direct examination to have made the entry of transfer at a certain time, was properly asked on cross-examination as to the circumstances under which the entry was made and the authority under which witness acted. (Page 383.)

12. WITNESSES—COMPETENCY—ACTIONS BY ADMINISTRATOR—"PERSON INTERESTED." Where a corporation was sued by an administrator for damages for wrongfully transferring stock, a third person, claimed by the corporation to be the owner of the stock by transfer from intestate and by estoppel, was precluded, though

not a party to the suit, from testifying as to how his claim to ownership arose, under Comp. Laws 1907, section 3413, providing that any person directly interested in the event of the action shall not be a witness when the adverse party sues as administrator as to any transaction with decedent or matter of fact which was equally within the knowledge of witness and decedent; the facts as to witness' claim being equally within decedent's knowledge. (Page 383.)

13. CORPORATIONS—STOCK—WRONGFUL TRANSFER—ACTIONS—BURDEN OF PROOF. The burden of showing that defendant corporation wrongfully and without authority transferred corporate stock is upon plaintiff in an action for damages for such wrongful transfer. (Page 384.)

APPEAL from District Court, Sixth District; *Hon. A. H. Christensen*, Judge.

Action by A. P. Rasmussen, as administrator of Hans C. H. Ramlose, deceased, against the Sevier Valley Canal Company.

Judgment for plaintiff. Defendant appeals.

REVERSED AND REMANDED FOR NEW TRIAL WITH DIRECTIONS.

*E. E. Hoffman* for appellant.

*Jno. G. Jorgensen* for respondent.

FRICK, C. J.

This was an action brought by a stockholder of the appellant corporation to recover damages for the alleged unauthorized transfer of stock.

In view of what follows it is necessary to set forth the substance of the pleadings. The action was commenced on the 23d day of June, 1909. The respondent in his complaint alleged that one Hans C. H. Ramlose died intestate on or about the 12th day of June, 1898, and that A. P. Rasmussen, the respondent, is the duly appointed, qualified, and acting administrator of said decedent's estate; that the appellant is a corporation; that at the time of the death of said Ramlose he

was the owner of 102.97 shares of the capital stock of said corporation as shown by its books; that no certificates of stock had been issued, but the books of said corporation, nevertheless, showed the number of shares each stockholder was entitled to. The complaint then proceeds as follows:

"That after the death of the said Hans C. H. Ramlose, as above stated, the said corporation, by its officers, agents, and employees, wrongfully and without lawful authority from the said Hans C. H. Ramlose, his legal heirs or representatives, and in violation of its trust, transferred said stock on the books of said corporation to Holgar W. Ramlose by erasing the name and initials 'Hans C. H.' and putting in place thereof 'Holgar W.,' and on the 18th day of February, 1908, wrongfully issued a certificate thereto to H. W. Ramlose; that the value of said stock is $1544.55. Wherefore plaintiff prays judgment that the said capital stock be restored to the estate of said Hans C. H. Ramlose, deceased, or for judgment against said defendant for $1544.55, the value thereof, and for costs of suit."

To this complaint appellant interposed a general demurrer which was overruled, and it then filed its answer in which it admitted its corporate capacity; that said Ramlose died; that respondent was the duly appointed and acting administrator of said estate; and that the name of Holgar W. was substituted upon its books for the name of Hans C. H. Ramlose; and denied all other allegations contained in said complaint. For further answer, and as an affirmative defense, it pleaded the statute of limitations. As another affirmative defense, appellant set forth the following facts:

"That said H. W. Ramlose, whose name appears in the complaint as Holgar W. Ramlose, has for fifteen years next preceding the commencement of this action, under a claim of right so to do, and under a claim of ownership of the same, paid taxes and assessments levied against the stock in said complaint mentioned, which assessments amounted to more than the par value of the said stock; has voted the same at all stockholders' meetings, without objection from the plaintiff, the said Hans C. H. Ramlose, during his lifetime, or his

heirs, executors, or administrators after his death; has used the water distributed to said stock during the said period without objection from the said Hans C. H. Ramlose, his heirs, executors, or administrators. That the said acts of said H. ·W. Ramlose were known to the defendant and to the heirs, executors, administrators of the said Hans C. H. Ramlose and to the said Hans C. H. Ramlose during his lifetime, and were open, notorious, exclusive, peaceable, uninterrupted, under claim of right and ownership of the title to said stock, and were adverse to any person or persons whomsoever. That this defendant does not issue certificates of stock unless requested so to do, and the said H. W. Ramlose was permitted to vote said stock, use said water, and to do the acts aforesaid, by reason of an order given by the said Hans C. H. Ramlose during his life for the transfer thereof to the said Ramlose, which order was filed with the secretary of the said defendant—that for the above reasons the said Ramlose is the owner, and at all times herein mentioned was the owner, of said stock."

As a further defense, and by way of an estoppel, appellant further alleged:

"That the plaintiff is estopped from claiming said stock for the reason that the aforesaid H. W. Ramlose has for fifteen years prior to the commencement of this action under claim of ownership of the said stock paid the assessments levied against the same, amounting to more than the par value of the stock, voted the same at the stockholders' meetings during all of the said time without objection from the said Hans C. H. Ramlose, his heirs or administrators, used the water represented thereby, exercised control over the same as the owner naturally would; that all of the said acts were done with the knowledge of both the defendant and the said Hans C. H. Ramlose, his administrators and heirs. That the said stock for the first twelve years of the said use and possession thereof by the said Ramlose was of little or no value; that the money used in the said assessments has made the stock more valuable during the last three years; that the plaintiff knew, and the said Hans C. H. Ramlose, his heirs and admin-

istrators, knew of the said assessments, but nevertheless did not pay nor offer to pay the same, did not protest against the use of the said water represented by said stock by the said H. W. Ramlose, but during all of that time knowingly permitted the defendant to treat the said Ramlose as the owner thereof; and by the exercise of reasonable diligence could have known that the said defendant believed and treated said Ramlose as the owner."

Appellant further averred that it was not organized for profit, and derived none; that its only duty to its stockholders was to maintain the water system in good condition by making the necessary repairs and to defray the expenses thereof out of the assessments levied against the stock of its stockholders, and to distribute to them their *pro rata* share of water that is represented by their stock.

To the last two defenses respondent interposed a general demurrer which was sustained by the court, and hence appellant was not permitted to prove any of the facts that were averred in said defenses or either of them. Appellant now assigns as error the overruling of its demurrer to the complaint and also the rulings of the court in sustaining respondent's demurrer to the two defenses aforesaid.

If there had been no objection to respondent's complaint until after judgment, we would not be inclined to hold the complaint so deficient in substance as not to sustain a judgment in favor of respondent after evidence had been produced in support of the allegations. But such is not the test where a general demurrer is timely interposed, as was **1, 2** the case here. We think that the mere general statements in the complaint that the alleged transfer of the stock in question was made "wrongfully and without lawful authority" were insufficient to withstand a general demurrer. Those allegations were in the nature of conclusions merely, and while, after judgment, as we have said, they might be held sufficient to sustain a judgment, they are not sufficient as a statement of facts when timely assailed by a general demurrer. That such averments are in the nature of legal conclusions merely is abundantly established by the authorities.

And, unless they are supported by averments of fact, that they are generally held to be insufficient to withstand a demurrer is likewise well established. The general rule in 12 Ency. Pl. & Pr. 1033, is stated thus:

"Averments that certain transactions were 'unlawful,' 'illegal,' or 'wrongful,' have been held to be mere conclusions of law unless from the facts stated the unlawfulness, illegality, etc., appear."

The averment in respondent's complaint that the transfer was made "without lawful authority" is, under the circumstances, a mere conclusion of the pleader and is not a statement of a fact. For further illustrations see *Chesney v. Chesney*, 33 Utah, 503, 94 Pac. 989, and *Herndon v. Salt Lake City*, 34 Utah, 65, 95 Pac. 646, 131 Am. St. Rep. 827. Nor did appellant waive the demurrer by answering to the merits. (Comp. Laws 1907, section 2965.) We are clearly of the opinion that, inasmuch as appellant was charged with having violated a legal duty, it had the right to require respondent to state the facts which he claimed constituted such a violation, and not merely his conclusions. The court therefore erred in overruling appellant's general demurrer.

We think the court likewise erred in sustaining respondent's demurrer to the facts pleaded by appellant in its affirmative defenses. The trial court, it seems, followed respondent's counsel's contention that in view that appellant had at some time adopted a by-law (when, does not appear) in which it is provided that the shares of stock of its stockholders may be transferred by the owner thereof, or by his legally constituted attorney or representative, and that no transfer should be valid, except between the parties, until the transfer is entered on the books of the corporation, such by-law was controlling. This by-law was for the benefit of the corporation, however, and as not intended to restrict the rights of the owners of stock to deal with it as with other personal property. Comp. Laws 1907, section 330, declares the capital stock of corporations to be personal property, and further, declares what shall be necessary to transfer the same as against the creditors of the transferror and the cor-

poration, but leaves the question of what shall be sufficient as between the parties untouched.

The law which, in the absence of a statute, controls the right of transfer as between the parties is well stated in 10 Cyc. 598, in the following words:

"A shareholder may clothe another with a complete equitable title to his shares by a delivery to him of the share certificate, without a compliance with the forms required by the corporation for a transfer of the shares, and this although the securities recite that the shares are 'transferable only by his or her attorney on the surrender of this certificate.'"

The foregoing applies where the ordinary stock certificates are issued and delivered by the corporation to the stockholder. From respondent's complaint it, however, appears that no stock certificates were issued by appellant to the deceased, and hence the rule stated by the author in 2 Cook on Corporations (6th Ed.), section 374, prevails. That author, in that section, after stating the usual steps in perfecting a transfer of stock to be by assignment and delivery of the stock certificates by the owner and the entry of the transfer on the books of the corporation by surrendering the old and receiving a new cer·tificate, says:

"Either and even both of these two steps in the complete transfer of stock may be omitted; and yet, where the facts estop the various parties from denying that a transfer has been made, it will be held to be complete. Thus it has been held that an owner of stock may transfer his stock to another by a delivery of the certificate without any assignment. This happens when a registry of transfer is made without any surrender of the old certificate. * * * Such cases also arise where the corporation has never issued certificates of stock. The stockholder may then transfer his stock without assigning a certificate."

Irrigation corporations frequently issue no certificates, and, where that is the case, of course the usual methods of transfer are not applicable. *Richardson v. Longmont S. Ditch Co.*, 19 Colo. App. 484, 76 Pac. 546, affords an illustration where a transfer is held binding although stock certificates

were never issued to the owner nor assigned by him, except by an assignment independent of any certificate.

In appellant's answer it was, in effect, averred that the decedent had, prior to his death, given an order to transfer the stock in question to H. W. Ramlose, and that appellant had acted upon such order. This the court held immaterial, and respondent's counsel now justifies the court's ruling because, as he contends, the order, or whatever it may be called, even if it be conceded that one was given, was revoked by the death of the decedent. No doubt if the decedent had given a mere naked power of attorney, or, if the order was no more than to constitute H. W. Ramlose the decedent's agent, both the power and the agency would have been revoked by the death of the decedent.

Where a party has transferred property, however, although the transfer may not be complete and binding on interested third parties until a record is made, yet, where the transfer is complete as between the parties, the death of one has no effect upon the property rights of the other which are based upon such transfer. The appellant, having pleaded facts which, if true, would constitute a good transfer from the decedent to H. W. Ramlose, should have been permitted to prove them if he could, and, whether it succeeded or failed, the court, in either event, should have found the facts in accordance with the proof.

Appellant also pleaded facts which, under the peculiar circumstances of this case, might work an estoppel. It is true that ordinarily where a corporation, either by a willful disregard of a stockholder's rights, or without authority from him, transfers his shares of stock to another, the corporation is liable in an action of trover for a conversion of the stock, and in the latter case good faith on its part is no defense (3 Clark & Mar. Pvt. Corps., p 1820). In case the stock has not passed into the hands of an innocent purchaser or pledgee for value, the stockholder may make both the corporation and the transferee parties to such action and may recover either the value of the stock or be reinstated in his rights as a stockholder, or he may sue either one and

recover only the value of the stock. 3 Clark & Mar. Pvt.
Corps., section 599. In nearly all of the cases against corpo-
rations for wrongful or unauthorized transfer of stock, there
is usually no serious dispute with regard to the ownership
thereof, and at least the legal title is usually conceded to be
in the stockholder bringing the action. In the case at bar
appellant in its answer, however, disputed both the title of
respondent and its want of authority to make the transfer on
its books in the manner it was made. Moreover, the appel-
lant set up the defense of the statute of limitations, and in
that way disputed respondent's right to recover. In plead-
ing all of the foregoing facts, appellant took the position that
H. W. Ramlose, and not the estate of the decedent, was the
real owner of the stock in question. The case, therefore, to
say the least, presents unusual features which, in arriving at
a final result, cannot be ignored.

We think that when appellant's answer was filed in which
it averred that H. W. Ramlose was the real owner of the
stock, together with the facts concerning his ownership, the
court should have refused to proceed with the case fur-
ther until Ramlose was made a party to the action, so
as to enable the court to adjudicate the whole matter
in one action and protect the interests of all concerned. As
the matter now stands, the corporation is compelled to pay the
full value of the stock, when in truth and in fact the stock
may rightfully belong to H. W. Ramlose. If, after hearing
all of the evidence, the court should find that appellant trans-
ferred the stock to H. W. Ramlose without right or authority,
and that such transfer was made at the request of said Ram-
lose, the court could then decree that the certificate issued to
H. W. Ramlose be canceled and that the estate be reinstated
on the books of the corporation as a stockholder with all of
its rights as such intact. In case the court could not reinstate
the estate as a stockholder, it could then enter judgment for
damages against the corporation or against it and also against
H. W. Ramlose, and could, in entering the judgment, protect
the rights of the corporation as against him. It is, however,
not practicable, even though it were possible, for us to say

in advance of a hearing what the findings and judgment should be. All we can say is that the court should insist on having all of the interested parties before it and then hear all of the competent and relevant evidence relating to the issues presented and, after doing so, make findings of fact and conclusions of law and enter a judgment in accordance therewith, and, if possible, protect the rights and interests of all concerned.

Appellant also complains that the court erred in finding with respect to its defense that the action was not barred by the statute of limitations. Respondent does not dispute or question appellant's right to interpose such a defense. If it should be conceded, therefore, that the facts that may be established under the two other affirmative defenses are insufficient to excuse appellant's acts in transferring the stock, yet, under Comp. Laws 1907, subdivision 3 of section 2877, the evidence may still be sufficient to authorize a finding and conclusion that the action was barred. It is true that the court found that the action "is not barred by the provisions of section 2877."

After the court had excluded all of the facts pleaded, however, no other finding was permissible under the circumstances. Besides, the foregoing finding is not a finding of fact, but is in the nature of a conclusion merely.

Under section 2890, the court should find the facts in accordance with the evidence. That section, so far as material here, provides:

"If a person entitled to bring an action die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced by his representatives after the expiration of that time, and within one year from his death."

If a right of action therefor existed in the decedent at the time of his death, the bringing of the action could not, for that reason, have been indefinitely postponed, but should have been commenced within the time fixed by the statute. If, upon the other hand, the right to sue

accrues to the estate, then, again, the time within which to commence an action does not run indefinitely. If the plea that the action is barred is interposed, the court should find the facts with regard to when the cause of action accrued, the time when a legal representative was appointed, and the time when the action was in fact commenced, and upon these facts make conclusions of law in accordance therewith. In pursuing such a course either party may, by an appeal to this court, have reviewed the conclusions of law with regard to whether the action is barred or not, and under certain circumstances, and in a proper action, may even have this court pass upon the facts. Under the court's proceeding in this case, however, all that can be urged is that the court, in legal effect, made no finding upon the question of the statute of limitations at all. We think the court should have made findings as indicated above.

Appellant further complains that the court erred in sustaining respondent's objections to a certain question propounded by appellant's counsel to one of respondent's witnesses on cross-examination. The witness in question, at the time the stock in question was transferred on the books of appellant, was its secretary and made the transfer. Respondent called him to prove that he made the transfer, and the questions propounded to him by respondent's counsel were ostensibly for the purpose of showing that the transfer was made without authority from the decedent. Appellant's counsel, on cross-examination, in referring to the entry on the books showing the substitution of the name H. W. Ramlose for that of the decedent, propounded the following question: "You may state how you came to make the entry?" To this question respondent's counsel objected upon the ground that it was "immaterial, irrelevant, and incompetent," and that "he is precluded from testifying under the provisions of section 3413," Comp. Laws 1907. Counsel also objected that the question was not proper cross-examination. The court apparently sustained the objection on the ground that the witness was precluded from testifying because of interest under the section aforesaid. In this ruling the court

erred. Although the witness, at the time the transfer was made, was the acting secretary of the appellant corporation, yet he did not, for that reason, come within the provisions of said section as being a "person directly interested in the event" of the action. Not being so interested, he was competent to testify to any fact or facts within his knowledge respecting the making of the transfer or the authority, express or implied, under which it was made.

Counsel for respondent, however, seeks to sustain the ruling of the court upon the ground that the question was not proper cross-examination. In this contention, we think counsel is in error. It had been shown that the witness made the entry in the book and when he made it. We think, in view of this, respondent had opened up the subject so as to permit appellant's counsel to inquire concerning the circumstances under which the entry was made and by virtue of what authority, if any, the witness acted. At least a part of the inquiry which was directed to the witness by respondent's counsel had some relation to the authority under which he made the entry. If such was not the purpose of the inquiry, it had none.

Appellant further contends that the court erred in refusing to allow H. W. Ramlose to testify with regard to how his claim of ownership of the stock in question arose. The evidence was excluded upon the ground that the witness was interested within the purview of section 3413 aforesaid. We think the ruling was correct. The mere fact that Ramlose was not a party to the action is, under the circumstances, no reason why he was not interested in the event thereof. Under the statute, Ramlose would be incompetent to testify to any fact which was equally within his knowledge and that of the decedent, unless he were called on behalf of the administrator. All of the facts concerning which Ramlose sought to testify were equally within the knowedge of himself and that of the decedent. His testimony was therefore properly excluded.

Appellant also insists that the court erred in overruling its motion for a nonsuit. If the law governing the transac-

tions in question were as the court apparently assumed it to be, namely, that all that respondent was required to prove was that the name of the decedent at the time of his death appeared upon appellant's books as a stockholder; that it had never obtained from him a formal assignment and power of attorney authorizing the transfer of the stock in question on its books, and the value of the stock—then it might well be that the motion was properly overruled. The respondent, in his complaint, however, as we have seen, alleged that no certificate of stock was ever issued to the decedent. This being so, the stock could not have been transferred in the usual way, but was subject to transfer as pointed out by the authorities we have hereinbefore referred to. If the court's theory were the correct one, then, in case no certificates are issued, there is no legal and binding transfer possible. Where the ordinary formalities of issuing stock are dispensed with, it must necessarily follow that the ordinary methods of transferring the same must likewise be changed.

The burden of showing that appellant was guilty of wrong, or acted without authority, in transferring the stock, was upon respondent, and that burden was not met by merely showing that the ordinary method of making transfers of stock was not pursued after having alleged that the usual method of issuing stock had been omitted. We think that, under the circumstances, the respondent, in addition to showing that neither the decedent nor his legal representatives had ever executed a formal assignment and power of attorney authorizing the transfer of the stock, must at least produce some evidence from which a court or jury could logically infer that the appellant acted without either an express or clearly implied authority in making the transfer. If the decedent authorized the appellant to make the transfer, either in writing or otherwise, or by an express statement, or otherwise notified appellant or induced it to believe that H. W. Ramlose was the true owner of the stock, and appellant, in good faith, and without notice to the contrary, acted upon the representations of the decedent, respondent would be bound thereby if the decedent would have been bound. Courts

cannot always follow the usual and ordinary rules in declaring results where the litigants have not pursued the usual and ordinary methods in transacting the business that is under consideration. Where the transactions are unusual, and not in accordance with the usual methods, the courts, in arriving at results, must be governed by the fundamental principles of either law or equity, as such principles may apply to the nature of the transaction in dispute. We think that, under the peculiar circumstances of this case, the motion for a nonsuit should have been granted.

What we have said also disposes of the assignment that the evidence is insufficient to sustain the findings as well as the other assignments presented by appellant.

The judgment is therefore reversed and the cause is remanded to the district court of Sevier County with directions to grant a new trial; to permit respondent to file an amended complaint if he is so advised, and, in case he fails or refuses to do so, to dismiss the action; that, in case he files an amended complaint, to permit the appellant to answer the same by setting forth the defenses to which the court sustained the demurrers herein referred to; that, in case the pleadings are amended as suggested, to proceed to a hearing, make findings of fact and conclusions of law, and determine the case in accordance with the views herein expressed. Appellant to recover costs.

McCARTY and STRAUP, JJ., concur.