# EVERED v. ST. CROIX MINES CORPORATION.

No. 4591.  Decided February 17, 1930.  (285 P. 1008)

Rehearing Denied March 12, 1930.

*O. A. Murdock* and *Abe Murdock,* both of Beaver, for appellant.

*Sam Cline,* of Milford, for respondent.

STRAUP, J.

The plaintiff brought this action to recover on three promissory notes aggregating with interest $2,410.33, one executed September, 1920, one April, 1921, and the other June, 1921, by the St. Croix Consolidated Mines, a corporation. The plaintiff was an indorser of the notes who paid them on default by the maker and brought this action, not against the maker, the St. Croix Consolidated Mines, but against the St. Croix Mines Corporation, on the theory that it succeeded to and acquired all of the assets real and personal of the maker, and hence became liable for its debts.

The case was tried to the court who rendered judgment in favor of the plaintiff for the amount sued for and against the defendant, the St. Croix Mines Corporation. The case is here on the judgment roll without a bill of exceptions. Hence there is before us only the pleadings, the findings, and the judgment. The contention of the defendant is that on the pleadings and findings the plaintiff was not entitled to a judgment against the defendant. A general and special demurrer were interposed to the complaint, which were overruled. Such rulings are assigned as error. That the judgment is against and not supported by the findings is also assigned.

On the pleadings and the findings three corporations are involved, at least in name. It is alleged and found that the St. Croix Mines Company was organized in April, 1915, which we shall call the first corporation. The St. Croix

Consolidated Mines, the maker of the notes, was organized in April, 1918, which we shall call the second corporation. The St. Croix Mines Corporation, against whom alone this action is brought, was organized in April, 1923, and which we shall call the third corporation.

It is alleged and found that the first corporation was the owner of some eleven mining claims, buildings, machinery, tools and equipments, and an equity in and to several groups of other claims. It is not alleged, nor is it found, that such properties were in fact conveyed or transferred to the second corporation, the maker of the notes, or that all of the assets of the first corporation were conveyed or transferred to the second corporation. It is somewhat vaguely and with some uncertainty alleged that such properties were to be conveyed to the second corporation, and that it upon its organization became the owner of such properties and was such owner when the notes in question were executed. But it is alleged and found that the second corporation, the maker of the notes, in January, 1922, about one year after the last note was executed and about ten months before the third corporation was organized, conveyed and transferred all of the mining claims and all of the other real and personal property described in the complaint to the first corporation. While it is not definitely alleged nor found, yet we think it may fairly be inferred, that the second corporation, the maker of the notes, in 1922 conveyed and transferred back to the first corporation all property real and personal in or to which the second corporation had any interest. It is alleged and found that, from thence on and at the commencement of this action and at the trial thereof, the record title of all of such properties stood in the name of the first corporation. As to the defendant corporation it is but alleged and found that it became and was only the equitable owner of such properties.

It further is alleged and found that the third corporation, the defendant, was organized in April, 1923, by those who were or had been officers of the first corporation and by

others largely interested therein; that the capital stock of the defendant corporation was $1,000,000 divided into 1,000,000 shares of the par value of $1 each, of which there was issued to the first corporation 100,000 shares, to the second corporation, the maker of the notes, 500,000 shares, to the president of the defendant corporation, who was the president of the first corporation, 399,600 shares, and to four other individuals 100 shares each; that the articles of incorporation of the defendant corporation provided that it "has taken over and purchased the real and personal property" described in the complaint, and further provided that "said properties will by separate instruments be assigned, transferred and set over to," the defendant corporation, "and are received by the said," the defendant corporation, "as and at the valuation of One Million Dollars in full paid stock of said corporation and in full payment of the capital stock thereof subscribed by the incorporators"; and that the defendant corporation upon its incorporation "took control of said mining property, worked the same and extracted ores therefrom, and otherwise exercised ownership over said property including possession thereof, and claimed to own the same, and that the said," the defendant corporation, "is equitably the owner of said real and personal properties so described" in the complaint.

Then follows this finding of the court: "That the record title to all of said property now stands in the name of the said St. Croix Mines Company; that this defendant corporation is the equitable owner of said property, having acquired the same by virtue of its incorporation and the issuance of the said six hundred thousand shares of its capital stock to the said St. Croix Mines Company and the issuance of its capital stock as hereinbefore set forth to the said St. Croix Consolidated Mines as Hansen Evesmith; that the only consideration for the transfer of the said property from the St. Croix Consolidated Mines to the St. Croix Mines Company, and from the St. Croix Mines Company to the said defendant corporation was an issue of stock as afore-

said; that the said first corporation transferred to the said second corporation as aforesaid all of its property, and that the said second corporation, St. Croix Consolidated Mines, transferred back to the said first corporation as aforesaid all of the property it then owned, and that in consideration of the said issue of stock of this defendant corporation, all of the property of the first and second corporations was taken over by this defendant corporation."

It is further alleged and found that the first and second corporations have become defunct and their charters revoked by proclamation of the Governor for failure to pay the annual state corporation license tax; and it was also found, but not alleged, that the defendant corporation for the same reason also has become defunct. It also is alleged, but not found, that the first and second corporations are insolvent, and that the defendant corporation was organized and the properties conveyed and transferred from the second corporation to the first to defraud the creditors of the second corporation; but it is found that the plaintiff has no means of satisfying his claim against the second corporation "except by following the said property owned by said corporation at the time the said obligations and indebtedness were incurred."

It is further alleged and found that all of the corporations are one and the same in effect and purpose, and that the defendant corporation was but a reorganization of the other two prior corporations and was organized by the officers and those largely interested in the other two corporations and in effect as a continuing corporation under a change of name.

Among other grounds, a special demurrer was interposed on the ground of "defect of parties defendant," for the reason that, as alleged in the complaint, the second corporation issuing the notes had conveyed the properties in question to the first corporation, who was the record owner of the property and the defendant corporation, but the equitable owner, and that, unless the prior corpora-

tions were made parties, especially the first corporation, the court was not authorized to proceed with the case without making such prior corporations parties. But the defendant did not by its prayer or otherwise ask that either of such prior corporations be brought in and made parties, but prayed "that the complaint be dismissed." And it also was alleged in the complaint that the first corporation long prior to the commencement of this action had changed its office and place of business from Utah to North Dakota, and since then had no officer or agent in Utah or any person in charge of any business of such corporation in Utah. In support of the contention that the court erred in overruling the special demurrer, the defendant cites *Houser* v. *Smith*, 19 Utah 150, 56 P. 683; *Rasmussen* v. *Sevier Valley Canal Co.*, 40 Utah 371, 121 P. 741. Under the circumstances that the defendant did not ask that either of the prior corporations be brought in and made parties, and no showing made that service could be had on either, especially on the first, and if the first corporation was, as contended by the defendant, a separate and distinct corporation and not made a party, any judgment rendered or adjudication made in the cause would in no way bind or affect whatever right, title, or interest it may have in or to the properties in question, or otherwise be binding on it. We thus think the cited cases have no application. While such prior corporations may have been proper parties, yet neither was a necessary or indispensable party. *Blanc* v. *Paymaster Mining Co.*, 95 Cal. 524, 30 P. 765, 29 Am. St. Rep. 149; *Bennett* v. *Minott*, 28 Or. 339, 39 P. 997, 44 P. 288; *Stanford Hotel Co.* v. *M. Schwind Co.*, 180 Cal. 348, 181 P. 780.

The special demurrer was also put on the ground of ambiguity and uncertainty. The complaint in some of the stated particulars is vague and uncertain. However, in view as presently noted on which the case is ruled, the question of ambiguity or uncertainty is not material. We thus think no prejudicial error was committed in overruling the special demurrer.

The general demurrer and the other assigned error that the findings are insufficient to support the judgment may be considered together. In such respect it is chiefly urged by the appellant that, inasmuch as it is alleged and found that when the defendant corporation was organized and issued to the second corporation, the maker of ■ the notes, 500,000 shares of its capital stock of the par value of $1 each, which, together with the 100,000 shares issued to the first corporation, constituted a full consideration for the conveyance and transfer of the properties in question to be conveyed and transferred to the defendant corporation and as full payment of its capital stock, and not anything made to appear that such 500,000 shares so issued to the second corporation had become valueless, or were insufficient to fully pay plaintiff's debt, or were unavailing for such purpose, or that the consideration so paid by the defendant corporation was not adequate for the conveyance and transfer of the properties to be made to it, the plaintiff, neither in equity nor at law, was entitled to pursue the equitable interest which the defendant corporation had in or to the properties in question, but was required to pursue his remedy against the second corporation, the maker of the notes, and satisfy his claim out of the 500,000 shares of capital stock issued to and held by it and received from the defendant corporation. As bearing on that it however is alleged in the complaint that both the first and second corporations were insolvent. The allegation is denied. The court made no finding with respect thereto. But, as is seen, the court did find that the plaintiff had no means of satisfying his claim against the second corporation, the maker of the notes, except by following the property in the hands of the defendant corporation. However, we find it unnecessary to decide the proposition urged by the appellant, for the reason that the case can be ruled and the judgment affirmed on a further question presented by the respondent. As has been seen, it is alleged and found that the three corporations are one and the same in effect and purpose, and that the

defendant corporation is but a reorganization of the two prior corporations and as such succeeded to all of their assets and took possession of and operated the properties, and that the officers and members of the prior corporations mostly are the same persons constituting the officers and members of the defendant corporation which in effect is a mere continuation of the prior corporations. In such case, we think the defendant corporation became liable for the indebtedness and obligations of the second corporation, the maker of the notes. 7 Fletcher Ency. Cor. §§ 4984, 4985 and 4663; 2 Clark and Marshall on Corporations, § 342; 10 Cyc. 287, 14a C. J. 1038.

The evidence not being before us, we must assume that the findings in such respect are sufficiently supported by it. The judgment decrees that the whole of the properties described in the complaint be sold and the proceeds of sale applied in payment of plaintiff's claim with interest and costs and the surplus yielded over to the defendant corporation. We modify such order of sale to the effect that only so much of the properties be sold as to satisfy plaintiff's claim including interest and costs, and that the defendant be given the option to select which of such properties shall first be sold or offered for sale.

With such modification the judgment is affirmed. Let the case be remanded with directions that the judgment be modified as indicated. Neither party is given costs on appeal.

CHERRY, C. J., and ELIAS HANSEN, EPHRAIM HANSON, and FOLLAND, JJ., concur.