947 F.2d 954
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Sharon OWEN, Plaintiff-Appellee,
v.
SEED PRODUCTS INTERNATIONAL, INC., a Delaware corporation,
successor in interest to and formerly known as
In-Tec International (USA), Inc.,
Defendant-Appellant,
and
John Does 1-10, Defendants.
 No. 90-4212.
 United States Court of Appeals, Tenth Circuit.
 Oct. 21, 1991.
 
 1
 Before McKAY, Chief Judge, EBEL, Circuit Judges, and SAFFELS,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 DALE E. SAFFELS, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 In this diversity action, defendant Seed Products International, Inc. appeals from the district court's judgment for plaintiff Sharon Owens on her claims for wrongful refusal to transfer shares of stock, brought pursuant to Utah Code Ann. § 70A-8-401. On August 9, 1984, In-Tec International (USA), Inc., a Utah corporation, issued 20,000 shares of its stock to plaintiff. When In-Tec prevented plaintiff from selling the shares through a transfer corporation by challenging plaintiff's ownership of the shares, the transfer corporation brought an action in state district court in Utah to determine ownership of the In-Tec shares. On June 8, 1987, the Utah court determined that plaintiff owned the shares. Nonetheless, beginning on or before June 17, 1987, and continuing through at least September 10, 1987, Seed Products acted to prevent plaintiff's attempts to transfer the shares. Seed Products, a Delaware corporation, was formed for the purpose of merging with In-Tec. On or about June 25, 1987, Seed Products and In-Tec merged; Seed Products is the successor corporation.
 
 
 6
 Plaintiff brought this action against Seed Products, as successor in interest to In-Tec, alleging willful refusal to transfer her shares in violation of Utah Code Ann. § 70A-8-401. After a bench trial, the district court entered its findings of fact and conclusions of law, and rendered judgment in favor of plaintiff, awarding compensatory damages of $37,500, punitive damages of $15,000, interest, and costs.
 
 
 7
 Our jurisdiction over this appeal arises from 28 U.S.C. § 1291. The facts, as related above, and as determined by the district court, are essentially undisputed. We review the district court's conclusions of law de novo. Northern Natural Gas Co. v. Grounds, 931 F.2d 678, 681 (10th Cir.1991). On appeal, Seed Products raises two issues:
 
 
 8
 1) whether the trial court erred in applying Utah law to Seed Products, a Delaware corporation, and
 
 
 9
 2) whether punitive damages are assessable against Seed Products in this case.
 
 Utah Code Ann. § 70A-8-106 says, in part:
 
 10
 The law, including the conflict of laws rules, of the jurisdiction of organization of the issuer governs the validity of a security, the effectiveness of registration by the issuer, and the rights and duties of the issuer with respect to:
 
 
 11
 (1) registration of transfer of a certified security.
 
 Section 70-A-8-201(1) defines an issuer:
 
 12
 With respect to obligations on or defenses to a security, "issuer" includes a person who:
 
 
 13
 (a) places or authorizes the placing of his name on a certificated security, otherwise than as authenticating trustee, registrar, transfer agent, or the like ...
 
 
 14
 (b) creates shares, participations, or other interests in his property or in an enterprise ...
 
 
 15
 (c) directly or indirectly creates fractional interests in his rights or property, which fractional interests are represented by certificated securities; or
 
 
 16
 (d) becomes responsible for or in place of any other person described an as issuer in this section.
 
 
 17
 Seed Products argues that, as the successor of In-Tec, it is the issuer of plaintiff's shares under section 70A-8-201(1)(d) and, because it is a Delaware corporation, Article 8 of Utah's Uniform Commercial Code provisions do not apply to it, pursuant to section 70A-8-106. This argument, while having facial appeal, must fail. Essentially, Seed Products contends that its merger with In-Tec operates to cut off In-Tec's liability to plaintiff as an issuer and precludes liability by Seed Products under Utah law. Seed Products cites no authority in support of this proposition, and we have found none. We agree with plaintiff that section 70A-8-201(a) is an inclusive definition of "issuer," and that subsection (1)(d) was not meant to sever an existing liability or preclude future liability in the event of a merger or other arrangement by which one corporation succeeds to another. Although Seed Products qualifies as an issuer under section 201, In-Tec did also. In-Tec, a Utah corporation, as the original issuer of the stock, created an obligation to plaintiff under Utah law. The purpose of Seed Products' formation, its merger with In-Tec, and its affirmative acts in connection with In-Tec's stock, both pre- and post-merger, compel the conclusion that Seed Products succeeded to that obligation. See generally Evered v. St. Croix Mines Corp., 285 P. 1008, 1010 (Utah 1930). We affirm the district court's conclusion that Utah law governs the rights and duties of Seed Products in this case.
 
 
 18
 Seed Products also contends that the district court's award of punitive damages was error, arguing: 1) such damages are not available in breach of contract claims, including claims under the Uniform Commercial Code, 2) Article 8 excludes punitive damages by enumerating a remedy for actual loss, 3) punitive damages cannot be awarded absent a finding of malice, and 4) punitive damages cannot be quantified because no evidence of Seed Products' relative wealth appears in the record.
 
 
 19
 We review the district court's award of punitive damages for an abuse of discretion. See Synergetics ex rel. Lancer Indus., Inc. v. Marathon Ranching Co., 701 P.2d 1106, 1113 (Utah 1985). Initially, we note that, regardless of its basis in Utah's Uniform Commercial Code, this case is not an action for breach of contract, but one for willful violation of a statutorily imposed duty. Second, Seed Products asserts that section 401 enumerates a remedy for actual damages, thereby implicitly precluding punitive damages. The statute creates liability on the part of the issuer for "loss resulting from any unreasonable delay in registration or from failure or refusal to register the transfer, pledge or release." We agree with the district court that this language does not preclude punitive damages under this Uniform Commercial Code article. See Clayton v. Crossroads Equip. Co., 655 P.2d 1125, 1131 (Utah 1982) (punitive damages awarded for claim under Article 1). Additionally, a finding of malice is not necessary for an award of punitive damages. Punitive damages are appropriate when a defendant's acts indicate a reckless indifference and disregard for a plaintiff's rights. See Branch v. Western Petroleum, Inc., 657 P.2d 267, 277 (Utah 1982).
 
 
 20
 Seed Products contends that the amount of a punitive damages award cannot be determined absent evidence in the record of the relative wealth of the defendant. Although language in certain decisions appear to support that argument, see Bundy v. Century Equip. Co., 692 P.2d 754, 759 (Utah 1984) ("This Court has held that in the absence of such evidence, the award [of punitive damages] cannot be sustained."), closer reading of those cases reveals that evidence of a defendant's wealth, while a recognized factor in the determination of a punitive damages award, is not a necessary prerequisite for such award.
 
 
 21
 In Bundy, the Utah Supreme Court found a punitive damages award excessive, and particularly noted the lack of evidence of the defendant's relative wealth. Id. at 759. However, the court's conclusion that the punitive damages award was excessive was initially compelled by its size in relation to the actual damages award (a ratio of greater than eleven-to-one), and was bolstered by evidence in the record which did not "reflect a high degree of malice." Id. Additionally, the court noted that where a punitive damages award is determined to be excessive, the court could order remission of part of the award, without additional evidence as to defendant's wealth. Id. at 760; see also Cruz v. Montoya, 660 P.2d 723, 727 (Utah 1983) (appellate court reduced punitive damages award without evidence of defendant's wealth).
 
 
 22
 Under the circumstances of this case, given that the punitive damages award is less than one-half of the actual damage award, and in light of the district court's finding that Seed Products' conduct was in reckless disregard of plaintiff's rights, we do not believe the award is excessive or disproportionate. Therefore, finding no abuse of discretion, we defer to the district court in its punitive damages award for plaintiff. See VanDyke v. Mountain Coin Mach. Distribs., Inc., 758 P.2d 962, 965 (Utah App.1988).
 
 
 23
 The judgment of the United States District Court for the District of Utah is AFFIRMED.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3