Harold CHRISTIANSEN, d/b/a Palmer-
Christiansen Company, Appellant,

v.

MECHANICAL CONTRACTORS BID
DEPOSITORY, a Utah Corpora-
tion, Appellee.

No. 9833.

United States Court of Appeals
Tenth Circuit.

Dec. 11, 1968.

Frank J. Allen, Salt Lake City, Utah (Allan E. Mecham and George M. Mecham, Salt Lake City, Utah, with him on the brief) for appellant.

David B. Dee, Salt Lake City, Utah (Wallace R. Bennett, Salt Lake City, Utah, with him on the brief) for appellee.

Before LEWIS, SETH and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

Plaintiff-appellant, Harold Christiansen, obtained a temporary restraining order enjoining defendant-appellee, Utah Sub-Contractors Bid Service, hereinafter called Bid Service, from withdrawing its deposited bank funds. The court also issued an order to show cause why Bid Service should not be permanently enjoined. Christiansen sought the permanent injunction to satisfy a judgment he obtained against co-defendant and co-appellee, Mechanical Contractors Bid Depository, hereinafter called Bid Depository.[1] The court held a hearing, denied a permanent injunction, and dissolved the temporary restraining order.

The issue is, was Bid Service the successor to and alter ego of Bid Depository and therefore liable for the judgment debt of Bid Depository?

1. Bid Depository has not filed a brief in this appeal.

Christiansen obtained a $60,000 judgment from Bid Depository. This court affirmed that judgment.[2] Christiansen levied on the judgment and took all the tangible assets of Bid Depository. These assets were, however, insufficient to satisfy the judgment. Within three months the executive manager of Bid Depository joined with two electrical contractors and formed Bid Service. Bid Service, which is a non-profit corporation, did not issue stock; the members contributed its initial capital. Bid Service offered a service similar in most respects to the service performed by Bid Depository. The appellant contends that Bid Service is the successor to and alter ego of Bid Depository and therefore liable for the judgment debt of Bid Depository.

■ Jurisdiction is based on Rule 69 (a) of the Federal Rules of Civil Procedure. Where applicable, Utah corporate law is controlling.[3]

■ The appellant correctly cites Utah law for the principle that a creditor of a corporation may follow property transferred by that corporation to another corporation, and may satisfy his debt out of that property when the second corporation is merely a successor to and continuation of the old corporation.[4] The trial court found the following facts in conjunction with the cited Utah law:

"No property of the defendant corporation was transferred to or came into the possession of the Utah Sub-Contractors Bid Service. The Utah Sub-Contractors Bid Service received from or succeeded to no funds of the defendant corporation. * * * Many, if not a majority, of the users of the present Utah Sub-Contractors Bid Service were not members of the defendant corporation and were not involved in any way with the defendant. * * * did not secrete, transfer, conceal or

remove any of its assets and as far as the evidence discloses all of its assets were made available for the purposes of satisfying the new judgment herein in part. * * * the organization of the new corporation was precipitated by the difficulties encountered by the old corporation and by the fact that the operations of the old corporation were rendered impracticable by the execution of the judgment herein. The court can find no equitable or moral reason, however, why the new corporation could not be organized to conduct a modified and extended business or even a business similar to that conducted by the old corporation so long as no property of the old corporation was diverted to the new corporation. Nor can the court believe it reasonable or lawful to hold that the old corporation had such a property right in the very idea of a bid depository as to preclude the new corporation from establishing a bid depository without becoming liable for the debts of the old corporation."

Unless these findings are clearly erroneous, we cannot overturn the trial court.[5]

■ The record reveals no transfer of property. In order for us to find a property transfer, we would have to determine that the plan of operation of the predecessor corporation was in some way a property right and that the executive manager transferred this property right, via his change in employment to the successor corporation. The manager, whose employment terminated when appellant levied on all the property of Bid Depository, was free to accept employment with anyone, and it cannot be said that by doing so he transferred a property right to his new employer. In fact the appellant, or anyone else, was free to organize

2. Mechanical Contractors Bid Depository v. Christiansen, 352 F.2d 817 (10th Cir. 1965).

3. Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

4. Evered v. St. Croix Mines Corp., 75 Utah 411, 285 P. 1008 (1930); Cooper v. Utah Light & Ry. Co., 35 Utah 570, 102 P. 202 (1909).

5. Investors Preferred Life Ins. Co. v. Abraham, 375 F.2d 291, 294 (10th Cir. 1967).

a corporation using the same plan established by Bid Depository.

We conclude that the trial court's findings regarding the organization of Bid Service were not clearly erroneous.

Affirmed.