SNEED, Circuit Judge:
 

 Appellant in 1979 obtained a default judgment in federal district court for interstate freight charges against two now bankrupt corporations, Daddy Crisp, Inc. (Daddy) and Western Crisp, Inc. (Western). These two corporations became bankrupt after the judgments became final. This suit was brought in federal district court prior to the bankruptcy of Daddy and Western in an effort to collect on the earlier judgments from appellees Crisp International, Inc. and Raymond and Maria Francis, the sole owners of all three corporations. Appellant in this suit alleges that International and the Francises are alter egos of Daddy and Western and that Raymond Francis personally committed fraud against the appellant. In due course the district court dismissed this suit for lack of federal jurisdiction on the authority of
 
 Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.,
 
 682 F.2d 811 (9th Cir.1982). That case was reversed by a per curiam opinion of the Supreme Court.
 
 See Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.,
 
 - U.S. -, 103 S.Ct. 1343, 75 L.Ed.2d 260 (1983). We now reverse the dismissal by the district court in this case and remand the case for further proceedings.
 

 I.
 

 Thurston
 
 was a suit for freight charges in accordance with the carrier’s tariffs on file with the Interstate Commerce Commission (ICC). The consignee sought to avoid liability by invoking an estoppel against the carrier. This circuit held that this defense deprived the federal courts of jurisdiction.
 
 Louisville & Nashville R.R. v. Rice,
 
 247 U.S. 201, 38 S.Ct. 429, 62 L.Ed. 1071 (1918), was held not to be controlling. 682 F.2d at 812-13. Our decision was reversed on the grounds that
 
 Rice
 
 controlled. That case “squarely held that federal-question jurisdiction existed over a suit to recover $145 allegedly due the carrier for an interstate
 
 *732
 
 shipment under tariffs regulated by the Interstate Commerce Act.” 103 S.Ct. at 1343.
 

 This case differs from
 
 Thurston.
 
 Here the suit is not to recover freight charges
 
 simpliciter.
 
 The initial suit against Daddy and Western was such a suit. The suit here is to compel International and the Francises to answer for the unpaid debt of Daddy and Western. The issue before us, therefore, is whether such a suit either presents a question “arising under the Constitution, laws, or treaties of the United States,” 28 U.S.C. § 1331, or is a suit “arising under any Act of Congress regulating commerce,” 28 U.S.C. § 1337. To hold that this suit does so extends
 
 Thurston
 
 beyond its specific facts.
 

 II.
 

 This we are prepared to do. Were this merely a proceeding to enforce the judgment against Daddy and Western federal jurisdiction would exist.
 
 See Riggs v. Johnson
 
 County, 73 U.S. (6 Wall.) 166, 187, 18 L.Ed. 768 (1867) (“[T]he jurisdiction of a court is not exhausted by the rendition of the judgment, but continues until that judgment shall be satisfied.... Process subsequent to judgment is as essential to jurisdiction as process antecedent to judgment, else the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution.”). Federal jurisdiction would exist had International and the Francises been joined as parties in the suit against Daddy and Western. In one sense this suit is an effort to enforce the initial default judgment; in another sense it is an effort to accomplish what a joinder might have provided. Moreover, the appellant’s allegation of fraud by Raymond Francis links this case strongly to appellant’s tariffs on file with the ICC and his efforts to collect proper freight charges. To relegate parties situated as are these to state courts prior to the ultimate satisfaction of the carrier’s tariff-based claims would preempt needlessly state judicial resources and would create the possibility of state court interpretations at odds with controlling federal law. That risk may be small in this case; but it sufficiently exists to require that we hold that jurisdiction exists under both 28 U.S.C. § 1331 and 28 U.S.C. § 1337.
 

 The closest precedent we have been able to discover is
 
 Christiansen
 
 v.
 
 Mechanical Contractors Bid Depository,
 
 404 F.2d 324 (10th Cir.1968). There federal jurisdiction was found to exist in a suit to impose alter ego liability on the defendant with respect to a judgment obtained in an antitrust suit against a corporation. This precedent is flawed, however, because it held that jurisdiction rested on Rule 69(a) of the Federal Rules of Civil Procedure. 404 F.2d at 325. This Rule, however, cannot “extend or limit the jurisdiction of the United States district courts.” Fed.R.Civ.P. 82. See
 
 Duchek v. Jacobi,
 
 646 F.2d 415, 418 (9th Cir.1981). Jurisdiction must have rested on 28 U.S.C. §§ 1331, 1337.
 
 See Hamilton v. Nakai,
 
 453 F.2d 152, 157 (9th Cir.) (“The equitable jurisdiction of a federal court extends to supplemental or ancillary bills brought for the purpose of effectuating a decree of the same court.”),
 
 cert. denied,
 
 406 U.S. 945, 92 S.Ct. 2044, 32 L.Ed.2d 332 (1972).
 
 Christiansen
 
 ’s reference to Rule 69(a) must be construed as a characterization by the court of the proceedings before it as “supplementary to and in aid of a judgment.”
 
 See Central of Georgia R.R. Co.
 
 v.
 
 United States,
 
 410 F.Supp. 354, 357 (D.D.C.) (“Supreme Court authority leaves no doubt that federal courts have continuing jurisdiction to protect and enforce their judgments.”),
 
 aff’d sub nom. ICC v. Central of Georgia R.R. Co.,
 
 429 U.S. 968, 97 S.Ct. 474, 50 L.Ed.2d 578 (1976). The jurisdiction that existed at the outset of the suit empowered the court to decide the alter ego issue in order to give effect to its judgment. Subject to this clarification,
 
 Christiansen
 
 provides support for our holding that jurisdiction exists in this case. That is,
 
 Christian-sen
 
 suggests that this case can be viewed as a proceeding merely supplementary to and
 
 *733
 
 in aid of appellant’s judgment against Daddy and Western.
 
 [1]
 

 III.
 

 It follows that in this case jurisdiction exists without regard to whether it is viewed as a proceeding independent of the default judgment against Daddy and Western, or as one in aid of that judgment as envisioned by Rule 69(a). In either event, state law will determine the liability, if any, of the appellees. Difficult questions of federal jurisdiction are suggested by the facts of this case. Our holding, however, is a narrow one applicable only to the facts of this case. We intend to lay down no broad jurisdictional principles.
 

 REVERSED and REMANDED.
 

 [1]
 

 . Our conclusion that jurisdiction exists in this case does not disturb the principle that a case involving “the construction and effect of a judgment of a Federal court or tribunal does not, for that reason, make it one arising under the Constitution or laws of the United States.”
 
 Prairie Band of the Pottawatomie Tribe of Indians v. Puckkee,
 
 321 F.2d 767, 770 (10th Cir.1963). First, we do not view this suit as separate and apart from the original judgment. Second, appellant links his remedy to federal law governing tariffs and rate charges.