53 F.3d 339
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Lawrence MOORE, Plaintiff - Appellant,
v.
LOCAL 569 OF the INTERNATIONAL BROTHERHOOD OF ELECTRICAL
WORKERS; Paul Blackwood; Wayne Lovin; Jim Westfall; Tom
Pridemore; Joe Heisler; Dick Smith; International
Brotherhood of Electrical Workers, Defendants - Appellees.
 No. 94-55120.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 5, 1995.
Decided May 8, 1995.
 
 Before: McKAY,* REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lawrence Moore appeals the district court's order which disbursed the proceeds of a supersedeas bond, posted by Local 569 pursuant to a dispute under a collective bargaining agreement, to various creditors of Moore. We affirm in part and reverse in part.
 
 
 3
 Moore contends that the district court erred when it exercised jurisdiction over this case, when it permitted Moore's creditors to proceed against the bond, and when it permitted Local 569 an offset. Moore's ex-employer, Fischbach & Moore (Fischbach), which was allowed to proceed against the bond, requests attorney's fees.
 
 A. District Court Jurisdiction
 
 4
 A court retains jurisdiction over matters necessary to satisfy a judgment. See Blackburn Truck Lines, Inc. v. Francis, 723 F.2d 730, 732 (9th Cir. 1984). In addition, the general rule is that when a proper notice of appeal has been timely filed, jurisdiction over any matters involved in the appeal is transferred from the district court to the court of appeals. See Matter of Thorp, 655 F.2d 997, 998 (9th Cir. 1981) (per curiam). The district court is divested of authority to proceed further except in aid of the appeal, or to correct clerical mistakes, or in aid of execution of a judgment, until the mandate has issued. Id; see also Lara v. Secretary of the Interior of the United States, 820 F.2d 1535, 1543 (9th Cir. 1987).
 
 
 5
 In the instant case the contested orders were made well after the issuance of the mandate. Moreover, the order regarding Local 569's entitlement to an offset was made pursuant to the district court's authority to tax costs, and the orders regarding Fischbach, George de la Flor and L & B Electric were made pursuant to Fischbach's writ of execution and the latter creditors' filing of valid liens. The district court had jurisdiction to make those orders in this case.
 
 B. The Merits
 
 6
 With one exception, the district court did not err when it awarded Moore's creditors amounts from the bond.
 
 
 7
 (1). In Moore v. Local 569, Int'l Bhd. of Elec. Workers, No. 93-56717 (9th Cir. 1995), filed on the same day as this disposition, we have reversed the district court's determination in Southern District of California District Court Case No. 87-0172B, which awarded Fischbach attorney's fees. That award was the basis of Fischbach's claim against the bond in this case. Thus, because that award has been reversed, that claim against the bond must fall with it.[1]
 
 
 8
 (2). George de la Flor had represented Moore in this action. They had entered into a contract which provided that de la Flor would have a lien on any award that Moore obtained in this matter. De la Flor filed a notice of attorney's lien in this action. We acknowledge the validity of attorney's liens in federal actions. See Venegas v. Skaggs, 867 F.2d 527, 531 (9th Cir. 1989), aff'd sub nom. Venegas v. Mitchell, 495 U.S. 82, 110 S. Ct. 1679, 109 L. Ed. 2d 74 (1990); see also United States v. 717.42 Acres of Land, 955 F.2d 376, 382 (5th Cir. 1992). We analyze fee contracts and the existence of attorney's liens under state law. Venegas, 867 F.2d at 531.
 
 
 9
 De la Flor's lien was valid. It was not extinguished, as Moore asserts, under California Code of Civil Procedure section 697.040(a) when Local 569 posted its bond since that provision refers to liens created under statute while the lien at issue here was created by contract. See Cetenko v. United Cal. Bank, 30 Cal. 3d 528, 531, 179 Cal. Rptr. 902, 904, 638 P.2d 1299 (1982). In addition, the lien was not invalidated by California Code of Civil Procedure sections 708.410-.420, which set forth requirements for notices of liens filed by judgment creditors, because de la Flor is not a judgment creditor. See id., 30 Cal. 3d at 533, 179 Cal. Rptr. at 905. California law also provides that an attorney's lien survives an attorney's discharge or voluntary withdrawal. See Fracasse v. Brent, 6 Cal. 3d 784, 791, 100 Cal. Rptr. 385, 390, 494 P.2d 9 (1972) (discharge); Estate of Falco, 188 Cal. App. 3d 1004, 1016, 233 Cal. Rptr. 807, 814 (1987) (withdrawal); Pearlmutter v. Alexander, 97 Cal. App. 3d Supp. 16, 19-20, 158 Cal. Rptr. 762, 763-65 (Cal. App. Dep't Super. Ct. 1979) (withdrawal). The district court determined that services were rendered and that the contract explicitly provides for a lien on Moore's judgment. Therefore, the district court did not err when it allowed de la Flor's claim.
 
 
 10
 (3). L & B had been awarded damages and costs against Moore in a different case, and L & B had a valid lien. Moore's citation to provisions of the California Code of Civil Procedure does not change this. Section 708.410 requires a judgment creditor to file a notice of lien and a certified copy of its judgment in order to obtain a lien. The record reflects that L & B did those things. Section 697.040(a) extinguishes liens where a bond is posted and a stay of judgment is obtained. However, that rule applies only to stays that occur in the case where the creditor recovered the judgment. See California Commerce Bank v. Superior Court, 8 Cal. App. 4th 582, 583, 10 Cal. Rptr. 2d 418, 419 (1992). Therefore, the district court properly allowed L & B's claim.
 
 
 11
 (4). Moore challenges the district court's decision to allow Local 569 an offset. Local 569 provided evidence that service of the bill of costs was made on Moore in a timely fashion and that he was notified of the date of the hearing on the bill. The costs were warranted under Federal Rule of Appellate Procedure 39, which provides that the cost of the reporter's transcript will be taxed against the appellant if a judgment is affirmed. Moore lost his appeal number 90-55557. Consequently, Local 569 was a prevailing party in that case. The district court did not abuse its discretion when it held Moore responsible for eighty percent of the transcript costs and allowed Local 569 the offset. The practice of apportioning costs is not a new one. Cf. Cornwell Quality Tools Co. v. CTS Co., 446 F.2d 825, 833 (9th Cir. 1971), cert. denied, 404 U.S. 1049, 92 S. Ct. 716, 30 L. Ed. 2d 740 (1972). California courts also recognize the validity of offset. See Kruger v. Wells Fargo Bank, 11 Cal. 3d 352, 362, 113 Cal. Rptr. 449, 455, 521 P.2d 441 (1974). Finally, the district court's decision to allow Local 569 an offset did not conflict with the local rules. Local Rule 54.1(c) of the Southern District of California specifically provides that "[t]he cost of transcripts necessarily obtained for appeal is allowable." That comports with Federal Rule of Appellate Procedure 39(e), which directs district courts to tax the costs of the reporter's transcript. Thus, the allowance of the offset was proper.
 
 
 12
 AFFIRMED in part, REVERSED in part and REMANDED. Between Moore and Fischbach, Moore shall recover his costs on appeal. The other appellees shall recover their costs on appeal from Moore.
 
 
 
 *
 Hon. Monroe G. McKay, Senior United States Circuit Judge, United States Court of Appeals for the Tenth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Fischbach seeks its attorney's fees in this appeal. Of course, it cannot recover them