139 F.3d 906
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence MOORE, Plaintiff-Appellant,
v.
LOCAL 569 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL
WORKERS; Donald Withem; Robert Flowers; James Westfall;
Al Shur; George England; Kris Martinett; Jim Courier;
Wayne Lovin; Paul Blackwood; Thomas Looney; Joseph
Heisler; Kris Hartnett; Thomas Pridemore; Baker Electric,
Inc., International Brotherhood of Electrical Workers,
Defendants-Appellees.
Lawrence MOORE, Plaintiff-Appellant,
v.
LOCAL 569 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL
WORKERS; International Brotherhood of Electrical Workers;
J.J. Barry; S.R. McCann; Richard Robbins; Paul Blackwood;
Wayne Lovin; Jim Westfall; Tom Pridemore; Joe Heisler;
Dick Smith; Terry Godshalk; Keith Widdop; George England;
Kris Hartnett; Don Withem; Steve Workman; Mike Reilly;
John Simpson; Ray Altmeyer; Richard White; Jim Brandon;
Chancy Tyler; George Scott; Bud Hahn; Sharon Hahn; Tom
Boulter; Bob Riel; Jim Aylsworth; Charles Wilder; Mike
Degener; Chet Holm; John Manion; Wally Gauntt; Gary
Degener; Ron Whitaker; Atkinson Mechanical Contractors,
Inc.; Fischbach & Moore, Inc., Defendants-Appellees,
and
George de la Flor, Esq., Prior Counsel for plaintiff,
Claimant-Appellee.
 No. 96-55971.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1998.**
Decided Feb. 13, 1998.
 
 Appeal from the United States District Court for the Southern District of California, Nos. CV-85-0719-RMB, CV-87-00172-RMB; Rudi M. Brewster, District Judge, Presiding.
 Before: PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lawrence Moore appeals pro se a district court order disbursing funds on deposit with the clerk of district court consisting of jury verdict judgments, attorney fee awards and bonds. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Moore contends that the district judge erred by failing to recuse himself pursuant to 28 U.S.C. § 455. We disagree. A denial of a motion for recusal is reviewed for an abuse of discretion. See Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir.1984). Our review of the record reveals no basis for questioning the district judge's impartiality. See Liteky v. United States, 510 U.S. 540, 555 (1994).
 
 
 4
 Moore contends that the district court erred by making disbursements from the registry funds posted in CV-85-1719 because no liens had been filed against those funds while that action was pending. See Cal.Civ.Proc.Code § 708.410(d). This contention fails because, in its April 29, 1996 order, the district court did not make any disbursements from the registry funds posted in CV-85-1719. Rather, the district court simply required Fischbach & Moore to remit the $60,489.84 that Fischbach & Moore had erroneously received from the registry funds in CV-85-1719 pursuant to the district court's December 15, 1993 order.[1] Although Moore refers to a $2,845.50 disbursal to Fischbach & Moore, this disbursal was pursuant to valid liens filed in CV-87-0172 and CV-91-1543.
 
 
 5
 Moore contends that the district court lacked jurisdiction to disburse the registry funds in CV-87-0172 to the defendants after this court had issued the mandate in appeal nos. 92-55515, 92-55517 and 93-55381 on August 2, 1994. This contention lacks merit. A district court retains jurisdiction over matters necessary to satisfy a judgment. See Blackburn Truck Lines, Inc. v. Francis, 723 F.2d 730, 732 (9th Cir.1994).[2]
 
 
 6
 Moore contends that the district court erred by concluding that his attorney had a valid lien against the registry funds. We rejected these same arguments in Moore v. Local 569 of the Int'l Bhd. of Elec. Workers, No. 94-55120, 1995 WL 268650, at * 1-2 (9th Cir. May 8, 1995). To the extent that Moore contends that his attorney's withdrawal was unjustified, this contention lacks merit. We reject Moore's remaining contentions.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We reject Moore's contention that the district court erred by ordering Fischbach & Moore to repay the $60,489.84 with 6% interest, as opposed to 10% interest
 
 
 [2]
 Moore also contends that the district court lacked jurisdiction to disburse the registry funds on December 15, 1993 in CV-85-1719 to the defendants after this court had issued the mandate in appeal nos. 90-55557, 90-55558, 90-55559 and 91-55411 on September 16, 1993. This contention was disposed of in Moore v. Local 569 of the Int'l Bhd. of Elec. Workers, No. 94-55120, 1995 WL 268650, at * 1 (9th Cir. May 8, 1995)