United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 21, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60216

ACCEPTANCE INSURANCE CO.; FIDELITY & GUARANTY
INSURANCE UNDERWRITERS, INC.; UNITED STATES FIDELITY &
GUARANTY CO.; and GEORGIA CASUALTY & SURETY CO.

> Plaintiffs—Appellees,

versus

POWE TIMBER COMPANY INC.; AMERICAN WOOD, a division of
Powe Timber Company Inc.; WILLIAM A. POWE TRUST; WILLIAM A.
POWE, JR.; WILLIAM A. POWE, Trustee.

> Defendants—Appellants.

Appeal from the United States District Court
of the Southern District of Mississippi
(Eastern Civil Docket No. 4:04-CV-00133-TSL-AGN)

Before REAVLEY, JOLLY and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    This case arises from a dispute over insurance coverage. The Appellee insurance

carriers ("the Carriers"), filed suit under the Declaratory Judgment Act, 28 U.S.C. § 2201,

contending that they had no duty to defend or indemnify Appellant Powe Timber

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

Company ("Powe"). The district court judge granted summary judgment for the Carriers, holding that the parties' insurance policies did not cover the conduct at issue. We review *de novo*, and affirm.

## I. Background

Powe manufactures industrial wood block flooring in Mississippi. The manufacturing process includes treating the wood with creosote and other chemicals. Powe rejects and discards some wood blocks created during the process.

More than 1,000 plaintiffs have sued Powe, alleging that Powe sold or gave discarded wood chips to the public as firewood and that Powe failed to warn them of the wood's toxic properties. The plaintiffs claim that they were injured as a result of handling and/or burning the wood chips and inhaling the fumes. The Carriers filed this suit, arguing that they have no duty to defend or indemnify Powe in the underlying cases.

## II. Discussion

Under Mississippi law, we look to the allegations stated in the complaint to determine whether the Carriers owe Powe a duty to defend or indemnify. *Am. Guarantee & Liab. Ins. Co. v. 1906 Co.*, 273 F.3d 605, 610 (5th Cir. 2001). If the allegations state a claim within or arguably within the scope of coverage, the Carriers owe Powe a duty to defend. *Ingalls Shipbuilding v. Fed. Ins. Co.*, 410 F.3d 214, 225 (5th Cir. 2005).

The Carriers first contend that the underlying complaints in this case do not allege an "occurrence" as that term is used in the insurance policies. An occurrence is defined

2

consistently within the policies at issue as an "accident." Under Mississippi law, to determine whether an incident constituted a covered occurrence, or accident, the pertinent question is whether the underlying actions of the insured were intentional. An incident is not an "occurrence," and is therefore not covered under the policy if "whether prompted by negligence or malice, (1) [the insured]'s acts were committed consciously and deliberately, without the unexpected intervention of any third force, and (2) the likely (and actual) effect of those acts was well within [the insured]'s foresight and anticipation." *Allstate Ins. Co. v. Moulton*, 464 So. 2d 507, 509 (Miss. 1985).

In *Moulton*, the insured filed a complaint claiming that Anthony Walls had stolen her dog. Walls was arrested and brought to trial, where the charges were dismissed. Afterwards, Walls brought a suit for malicious prosecution against the insured. The insured contended that her insurance company should defend her pursuant to a policy which provided coverage for occurrences, or accidents, arguing that she did not intend to cause injury to Walls. *Id.* at 508. The Mississippi Supreme Court held that because the insured had intended to swear out the complaint against Walls, and because the results were within her foresight, the incident did not constitute an occurrence. *Id.* at 510. Thus, under Mississippi law, if the insured acts intentionally and the resulting injuries are foreseeable, the incident was not an occurrence within the terms of the policy, regardless of whether the resulting injuries were intended. *See, e.g., id.; ACS Constr. Co. v. CGU*, 332 F.3d 885, 889 (5th Cir. 2003) (applying Mississippi law) (holding that coverage did

3

not extend to insured when insured hired subcontractor to perform work that turned out to be flawed, as insured had intentionally hired the subcontractor); *Berry v. McLemore*, 795 F.2d 452, 457–58 (5th Cir. 1986)(applying Mississippi law) (holding that policy did not cover incident when insured police officer shot the injured plaintiff during an arrest, because officer intended to fire the gun); *United States Fidelity & Guar. Co. v. Omnibank*, 812 So. 2d 196, 202 (Miss. 2002) (holding that insurer's duty to defend did not "extend to negligent actions intentionally caused by the insured.").

In this case, the underlying complaints alleged that Appellants used their facility to treat wood with chemicals and thus that Appellants knew or should have known of the wood's dangerousness; that Appellants intentionally sold or gave the wood chips to the underlying plaintiffs (or to a middleman, knowing that the wood would be sold to plaintiffs); and that Appellants did not warn plaintiffs of the wood's toxicity.

Appellants argue that because the complaints include an allegation that Powe knew or should have known of the wood's dangerousness, the complaints contemplate that the failure to warn was an accident. That argument is similar to the insured's argument in *Moulton*, where the insured argued that she did not foresee the results of swearing out a complaint against a third party. *Moulton*, 464 So. 2d at 509. Here, Appellants argue that they did not foresee the results of selling the wood to the underlying plaintiffs without including a warning, and thus, the failure to warn the plaintiffs was an accident. However, as previously stated, under Mississippi law, the issue is whether 1) the

4

insured's triggering actions were intentional; and 2) the resulting injuries were foreseeable. *Berry*, 795 F.2d at 457 (citation omitted). In this case, first, there is little question that Powe intentionally did not include a warning with the wood chips, although Powe knew the wood had been treated. There is no suggestion in the complaints that Powe intended to include a warning, but inadvertently did not do so. Second, because Powe knew the wood had been treated with various chemicals, the resulting injuries were within its foresight. Thus, plaintiffs' allegations do not constitute an occurrence under the terms of the insurance policies.

### III. Conclusion

We hold that the Carriers do not have a duty to defend or indemnify Powe in the underlying lawsuits. Because we have already concluded that no coverage exists, we do not reach the second issue before us: whether the policies' pollution exclusions bar coverage.

AFFIRMED.