**Ponani SUKUMAR, Plaintiff–Appellant,**

v.

**DIRECT FOCUS INC., a Washington corporation; Nautilus Industries, Inc., a Virginia corporation; Nautilus HPS Inc.; Nautilus Inc.; Nautilus Fitness Products, Inc., Defendants–Appellees.**

No. 05–55324.

United States Court of Appeals, Ninth Circuit.

Submitted March 9, 2007.*

March 13, 2007.

Todd R. Gabriel, Esq., Sparber, Ferguson, Ponder & Ryan, San Diego, CA, for Plaintiff–Appellant.

Robert W. Harrison, Esq., Tracey Moss, Esq., Neil, Dymott, Perkins, Brown & Frank, San Diego, CA, for Defendants–Appellees.

Before: GOODWIN, BEEZER, and TALLMAN, Circuit Judges.

MEMORANDUM **

Understandably weary after presiding for nearly five years over a vexatious diversity sales-of-goods case, which the trial court deemed concluded by a bench trial, the court imposed upon itself a fourteen

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

day "extension of its jurisdiction" during which the purchaser was ordered to complete his inspection of delivered goods, and report to the court "any material deficiencies in the equipment." True to their past performances, the parties and their counsel managed to inject brinksmanship of their own confection into the fourteen day "extension," and the purchaser filed, five days late, a twenty-seven page list of "breaches." In a series of orders, the district court dismissed the case for want of jurisdiction, and the purchaser appeals.

From time to time we have relied upon the common-law wisdom of the dictum: that we can affirm a correct result "on any ground supported by the record, even if it is one not expressed by the district court." *See, e.g., Lambert v. Blodgett,* 393 F.3d 943, 964 (9th Cir.2004). Unfortunately, this is not a case in which that sensible dictum should apply. Whether invited error, or just plain error, the district court's restriction of its statutory jurisdiction, and consequent refusal to consider further filings, was reversible error.

Nautilus, the seller, was required to deliver contract-conforming exercise equipment by December 31, 2004. Sukumar, the buyer, was given "fourteen (14) days from the date each machine is delivered to inspect and accept each machine." The judgment set forth the following remedy in the event Nautilus failed to comply:

Pursuant to *Kokkonen v. Guardian Life Ins., Co.,* (1994) 511 U.S. 375 [114 S.Ct. 1673, 128 L.Ed.2d 391], the Court expressly reserves jurisdiction over this matter in the event an alternative remedy becomes necessary. The alternative remedy, to be imposed only if there is failure of the remedy imposed above, shall be:

(a) If within the 14 days period of inspection ... Plaintiff claims Defendants remain in material breach of the contracts forming the subject matter of this litigation ... he shall file and serve a notice setting forth the conditions he claims constitute a material breach accompanied by a videotape of the conditions claimed as breaches of the Contracts.

(b) The undersigned District Judge will personally inspect those machines as to which Plaintiff claims continued material breach, and independently make a breach determination.

(c) If the Court finds the machines are not in the conditions contracted for, the Court will order Defendants at that time to pay additional damages.

The parties then made arrangements for delivery by noon on December 31, 2004. They dispute whether they agreed that "Mr. Sukumar's 14-day inspection of the machines will begin on January 3, 2004[sic] and end on January 16, 2005." Nautilus requested that Sukumar not begin inspection until after Nautilus agents assembled the machines.

On January 18, 2005, the first business day after a long weekend, Sukumar filed his Notice of Conditions Constituting Material Breach. The notice alleged that Nautilus unloaded the machines on December 30, 2004, but failed to assemble them. The notice alleged material defects, including rust spots, improperly functioning or broken soft top stops, improperly calibrated resistance to user, and incomplete user's manuals.

On January 21, 2006, the district court entered its "Order Rejecting Notice of Conditions for Lack of Subject Matter Jurisdiction and Dismissing Case." The order recited that because Nautilus delivered the machines on December 30, 2004, the fourteen-day inspection period ended on Thursday, January 13, 2005. Citing *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S.

375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), the court then declared that subject matter jurisdiction had expired because the judgment had reserved jurisdiction for only fourteen days after delivery: "The Court thus finds the filing was not timely, and this Court thus has no jurisdiction to consider Sukumar's contentions or to alter the remedy entered as the judgment in this case. The case is terminated and dismissed for all purposes."

In response, Sukumar attempted to file a motion to enforce the judgment pursuant to Fed.R.Civ.P. 70. The district court clerk told counsel that she had been instructed not to provide motion hearing dates in the case. She said that the only way to set the motion for hearing was though an ex parte application. On January 28, 2005, Sukumar filed an ex parte application to vacate the dismissal order and set a hearing date for his motion to enforce the judgment. Sukumar contended that the district court still had jurisdiction to enforce the judgment. He further claimed that the parties had agreed to start the fourteen-day inspection period on January 3, 2005, not December 30, 2004,[1] and that delivery was in fact not completed by December 30.[2] In any event, he argued, Nautilus was not prejudiced by any delay. Sukumar attached to the ex parte application his Fed.R.Civ.P. 70 motion, as well as affidavits in support thereof.

On February 4, 2005, the district court entered an order denying the ex parte application. The court did not discuss any of the arguments Sukumar offered to explain the timing of his January 18 notice. At the outset, the court noted that Sukumar "waived the opportunity this Court gave him for post-Judgment rulings regarding the condition of the Nautilus equipment forming the subject matter of this litigation by failing to object within the 14 day limitation the Court placed on its continued jurisdiction over the merits of the case." The court further explained:

The Court had agreed, as an exceptional and limited extension of its jurisdiction over the subject matter, promptly to consider each material deficiency timely reported and to make a breach ruling.... Not only did Mr. Sukumar miss the reporting deadline, but also the nature of his complaints stray, in numerous instances, far from any reasonable construction of "material breach."

The court noted that Nautilus planned to send four engineers in late February to repair the noticed defects,[3] and "[t]he equities dictate that Nautilus will have substantially complied with its obligations when it has conformed the equipment to the Court's specific performance dictates." "The Court will entertain no further applications for its intervention on the merits in this closed matter." As it turned out, Nautilus engineers never made it to Cali-

---

1. If the fourteen-day period began on January 3, the period would have ended on January 16. Since January 16 was a Sunday and January 17 a federal holiday, January 18 would have been the last day for filing. *See* Fed.R.Civ.P. 6(a).

2. Sukumar argues that delivery includes both unloading and assemblage. This view is supported by Nautilus's letter of December 22, which promised completion of unloading and assemblage by the judgment's delivery deadline.

3. Actually, while Sukumar did allege many minor and cosmetic problems, he also listed material defects. For example, the notice claimed that resistance to user was improperly calibrated, and that the soft top stop mechanism was broken or malfunctioning, on multiple machines. Both of those types of defects have been found by the district court to constitute material breach.

fornia to make the repairs, a fact for which Nautilus and Sukumar blame each other.

Sukumar then filed a notice of appeal, as well as an ex parte application to stay proceedings pending appeal. The district court denied the stay and instructed: "As the parties have not heeded the Court's prior admonition not to file any further requests for substantive relief, the Clerk of Court is hereby ordered to reject any future applications or motions presented by any party in this case, other than as specifically authorized in this Order."

A. *Subject Matter Jurisdiction*

■ The district court had diversity jurisdiction over the case pursuant to 28 U.S.C. § 1332(a). The district court mistook the meaning of jurisdiction. Its jurisdiction could not "lapse" because a filing deadline had expired. The district court's § 1332(a) jurisdiction is mandatory, not discretionary or permissive. *See* 28 U.S.C. § 1332 ("The district courts *shall* have original jurisdiction ...." (emphasis added)). Just as the district court had jurisdiction to decide the dispute, it also had jurisdiction to enforce its judgment. A federal court has "inherent power to enforce its judgments." *Peacock v. Thomas,* 516 U.S. 349, 356, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996); *see also Blackburn Truck Lines, Inc. v. Francis,* 723 F.2d 730, 732 (9th Cir.1984). "[T]he jurisdiction of a court is not exhausted by the rendition of the judgment, but continues until that judgment shall be satisfied." *Riggs v. Johnson County,* 73 U.S. (6 Wall.) 166, 187, 18 L.Ed. 768 (1868). "Without jurisdiction to enforce a judgment entered by a federal court, 'the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution.'" *Peacock,* 516 U.S. at 356, 116 S.Ct. 862 (quoting *Riggs,* 73 U.S. (6 Wall.) at 187). The fourteen-day filing deadline imposed by the judgment was at most a device for claim-processing and case management. It could not terminate subject matter jurisdiction established by statute.

The district court's reliance on *Kokkonen,* 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391, is inapposite. In *Kokkonen,* the parties had stipulated to the dismissal of a diversity contract action, but the dismissal order signed by the district judge did not refer to the settlement agreement. *Id.* at 376–77, 114 S.Ct. 1673. An action was subsequently filed alleging breach of the settlement agreement. *Id.* at 377, 114 S.Ct. 1673. The question was whether the district court's inherent authority to enforce its judgment extended to the settlement agreement. The Supreme Court explained,

the only order here was that the suit be dismissed, a disposition that is in no way flouted or imperiled by the alleged breach of the settlement agreement. The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist. That, however, was not the case here.

*Id.* at 380–81, 114 S.Ct. 1673. The Court reasoned that jurisdiction to enforce the settlement agreement could not be derived from the already-dismissed prior proceeding; the respondent's attempt at enforcement was a separate contract action that must have its own basis for federal subject matter jurisdiction. *Id.* at 381–82, 114

S.Ct. 1673. In the instant case, Sukumar attempted to enforce the judgment itself, not a stand-alone settlement agreement. As *Peacock* recognized, a district court has jurisdiction to remedy alleged violations of its own judgment. 516 U.S. at 356, 116 S.Ct. 862.

The district court's dismissal order declared that it "has no jurisdiction to consider Sukumar's contentions or to alter the remedy entered as the Judgment in this case." The ban on further filings also prevented the parties from filing motions for relief from judgment, even though Fed. R.Civ.P. 60 expressly permits such motions to be filed for a year or for a reasonable time after judgment, depending on the ground for relief. Even if the district court did not err in declining to enforce Sukumar's notice, the court's refusal to hear further filings regardless of their merits was impermissible. Assuming Sukumar had missed the deadline imposed by the judgment—which remains a disputed question of law and fact—that does not mean he could not file a motion to alter the judgment.

The jurisdictional ruling was the sole possible ground for the order of dismissal and the ban on further filings. We reverse and remand for consideration of Sukumar's Fed.R.Civ.P. 70 motion. In view of the demonstrated propensity of the purchaser microscopically to inspect the sold goods for defects, the district court may deem it an appropriate saving of judicial resources to let the parties pay for a special master to work out a recommended final order.

Sukumar argues that the district court denied him due process by denying him a hearing and rejecting further filings. Because we are vacating and remanding for jurisdictional error, we need not reach the constitutional question.

Sukumar also argues that the case should be assigned to a different judge on remand. One ground for reassignment is personal bias on the part of the district judge. *In re Ellis*, 356 F.3d 1198, 1211 (9th Cir.2004) (en banc). That argument in this case is frivolous. The record does not show personal bias. The judge had entered judgment in Sukumar's favor. While the tone of the district court's later orders may reflect justifiable exasperation with Sukumar's performance, those orders misperceive the scope of jurisdiction, but indicate no inability to preside over the case with diligence and fairness.

## IV. CONCLUSION

On remand, the district court can apportion costs to the party at fault, if further costs and delay are incurred by the parties. The judgment of dismissal is vacated and the cause is remanded for further proceedings. No party to recover costs on this appeal.

**VACATED AND REMANDED.**